Stephen B. Watkins, Bar Number 3400
Armand J. Howell, Bar Number 10029
Benjamin J. Mann, Bar Number 12588
Paul M. Halliday, Jr., Bar Number 5076
HALLIDAY, WATKINS & MANN, P.C.
Attorneys for Seterus, Inc.
376 East 400 South, Suite 300
Salt Lake City, UT 84111
Telephone: 801-355-2886
Fax: 801-328-9714
Email: armand@hwmlawfirm.com
File No: 47121

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF UTAH
# CENTRAL DIVISION

| In re:<br><br>SARA M. MARCHANT<br><br>Debtor. | Bankruptcy Case No. 16-29473 KRA<br>Chapter 13<br><br>**STIPULATION TO CURE<br>POST-PETITION ARREARAGE**<br>[Filed Electronically] |
|---|---|

Seterus, Inc. as the authorized subservicer for Federal National Mortgage Association ("Fannie Mae"), creditor c/o Seterus, Inc. ("Secured Creditor"), by and through its attorney, Armand J. Howell, and the Debtor, by and through her attorney, Scott T. Blotter, hereby stipulate as follows:

1.     That through May, 2017, the Debtor is in arrears six (6) months on post-petition mortgage payments of $694.71 for December, 2016, $787.99 for January, 2017 and $717.96 each, starting February, 2017 through May, 2017, minus $25.29 currently held in suspense and agrees to pay those amounts as set forth below.

2.     That Secured Creditor has expended reasonable attorney fees and expenses in this action in the sum of $1,031.00, which amount Debtor agrees to pay as set forth below.

  3. Debtor agrees to make the following payments to cure the post-petition arrearage and other amounts owing as set forth in paragraphs 1 and 2 above (said payments also include current payments commencing with the June, 2017 payment):

  a. Payment of $695.00 in certified funds to Secured Creditor on or before May 22, 2017;

  b. Regular payments in the amount of $717.96 (or any additional amount as required by the Note or Trust Deed) due on or before the first day of each month for the months of June, 2017 through January, 2018;

  c. $583.16 due on or before June 15, 2017;

  $583.16 due on or before July 15, 2017;

  $583.16 due on or before August 15, 2017;

  $583.16 due on or before September 15, 2017;

  $583.16 due on or before October 15, 2017;

  $583.15 due on or before November 15, 2017;

  $583.15 due on or before December 15, 2017;

  $583.15 due on or before January 15, 2018.

  4. The payments required by paragraph 3 above must be made with certified funds at the office of Seterus, Inc., 14523 SW Millikan Way, Suite 200, Beaverton, OR 97005.

  5. Debtor shall make regular monthly payments of $717.96 (or any additional amount as required by the Note or Trust Deed) due on the first day of each month commencing February, 2018, and thereafter and payable directly to Seterus, Inc., 14523 SW Millikan Way, Suite 200, Beaverton, OR 97005. Debtor also agrees to pay with the payments above in paragraph 3 any additional amount, if any, due to an increase in the monthly reserve requirement

following notice by Secured Creditor.

6. In the event the payment required by paragraph 3(a) is not made in full within ten (10) days of when due as set forth above, then Secured Creditor may immediately obtain an ex parte order terminating the automatic stay by presenting an affidavit of nonpayment to the Court without need for further notice or hearing so that it may continue with its foreclosure proceedings.

7. In the event any of the regular monthly payments required by paragraph 5 and any payments required by paragraph 3(b) or 3(c) are not paid when due, then Secured Creditor may obtain an ex parte order terminating the automatic stay as outlined above, but only after giving written notice of the nonpayment to Debtor and Debtor's attorney, and the unpaid amounts, plus any payments coming due within the ten (10) day period following the date of the notice, remain unpaid for ten (10) days following the date of the notice. Notice shall be by certified mail and shall be complete upon deposit in the U. S. Mail. However, and notwithstanding the foregoing to the contrary, in the event three such written notices are given and there is a fourth default by Debtor, then Secured Creditor shall be entitled to an ex parte order terminating the automatic stay by presenting an affidavit and order to the Court, but without the necessity of giving a fourth written notice or any other notice to Debtor.

8. All written notices required hereunder shall be addressed as follows:

| | |
|---|---|
| Sara M. Marchant | Scott T. Blotter |
| 863 West 1935 South | 6000 South Fashion Blvd. |
| Woods Cross, UT 84087 | Murray, UT 84107 |
| Debtor | Debtor's Attorney |

9. The acceptance by Secured Creditor of a late or partial payment shall not act as a waiver of Secured Creditor's right to proceed hereunder.

10. In the event Debtor is delinquent in Chapter 13 plan payments, Debtor agrees to cure the delinquency within 30 days.

11. With respect to Rule 4001(a)(3), the Court should allow immediate enforcement of any order for relief granted in accordance with this stipulation and the order filed herewith.

12. The Court is requested to execute the Order Based on Stipulation to Cure Post-Petition Arrearage filed herewith.

DATED this 19th day of May, 2017.

/s/ Armand J. Howell

Armand J. Howell

Attorney for Seterus, Inc. as the authorized subservicer for Federal National Mortgage Association ("Fannie Mae"), creditor c/o Seterus, Inc.